[Civ. No. 3855. First Appellate District, Division One.—June 20, 1921.]

## HENRY N. BERTHIAUME, Appellant, v. J. J. GROOM et al., Respondents.

[1] PARTNERSHIP—SETTLEMENT OF ACCOUNTS OF RECEIVER—RIGHT OF ONE PARTNER TO SUE FOR BALANCE.—One member of a partnership is not entitled to maintain an action against the receiver appointed in an action between the partners, and against the sureties on his bond, to recover the amount with which such receiver was charged in the settlement of his accounts, even though such receiver did not comply with the portion of the order settling his accounts whereby he was directed to pay the balance to the clerk of the court, to await the further order of the court, where such order settling the accounts did not in any way adjudicate the rights of the parties to the action, and final disposition of the funds has not been made in the action between the partners.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. E. Manning for Appellant.

Chas. N. Douglas and E. F. Conlin for Respondents.

WASTE, P. J.—This is an appeal from a judgment entered after demurrer sustained to plaintiff's second amended complaint without leave to amend. The action is against Groom as principal, and defendants Levy and Flinn, as sureties, on a bond of Groom as receiver, given in August, 1907, in an action between partners, then pending in the superior court of the city and county of San Francisco, wherein Thomas Bonner was plaintiff and Henry Berthiaume, this plaintiff, was defendant. After the bond was given by the receiver the superior court made an order directing Groom, as receiver, to take possession of the assets of the parties and to sell and dispose of all the effects belonging to the partnership.

[1] It further appears from the allegations of the second amended complaint that in 1916, some nine years after his appointment, Groom rendered a report which, after objections made and considered, the court settled. It charged Groom with $5,000, the reasonable value of the personal property which came into his possession, credited him with $2,392.50 as proper disbursements as receiver, and without in any way adjudicating the rights of the parties to the action, the court directed that he forthwith pay to the clerk of the court the balance, $2,607.50, to await the further order of the court. This order was never complied with, and it is very manifest from a reading of the entire second amended complaint that this action, sought to be maintained under a general order of the court for that purpose, is brought for the sole purpose of securing a judgment against the receiver and his bondsmen, for the exact amount with which he was charged in the settlement of his accounts. The allegations in the complaint to the effect that Groom, as receiver, collected and received goods, moneys, and properties belonging to this plaintiff amounting in value to the sum of $2,607.50, and has failed to account therefor to the court, or to plaintiff, does not have the effect of stating a cause of action in the face of the other facts alleged. The plaintiff has not shown a right in himself to the sole fund remaining in the hands of the receiver upon the settling of the account. Final disposition of the funds of the receivership does not appear to have been made. No adjudication of the rights of the respective parties in

*Bonner* v. *Berthiaume* has been made.   Until some such dis-
position of the receivership matter has been had, we are
unable to comprehend by what right the plaintiff seeks to
be subrogated to the entire fund, through the medium of an
action against the receiver and his bondsmen.

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.